IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAYNE ALQUNE MINGO | : | CIVIL ACTION |
| a/k/a DWAYNE MINE | : | |
| | : | |
| v. | : | |
| | : | |
| SUPT. MARTIN DRAGOVICH, | : | |
| et al. | : | NO. 06-2780 |

**REPORT AND RECOMMENDATION**

THOMAS J. RUETER                                                                                   November 8, 2006
United States Magistrate Judge

Presently before the court is a pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is presently incarcerated at the State Correctional Institution at Huntingdon, Pennsylvania. For the reasons stated below, the court recommends that the petition be dismissed, without prejudice, for failure to exhaust state court remedies.

**I.    BACKGROUND**

In December 2002, a jury sitting in the Court of Common Pleas of Philadelphia County convicted petitioner of aggravated assault and simple assault (No. 0206-0858). The court sentenced petitioner to a prison term of six to twelve years. Trial counsel filed a notice of appeal on petitioner's behalf, but later discontinued the appeal on the understanding that petitioner wanted to forego a direct appeal, and instead wished to file an immediate application for collateral review under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq., challenging counsel's ineffectiveness at trial.

In July 2003, petitioner filed an application for state post-conviction relief, and in September 2003, the court appointed counsel. In February 2004, counsel filed an amended

PCRA petition, requesting that petitioner be permitted to take a renewed direct appeal nunc pro tunc.  Petitioner argued that he had not requested his trial counsel to discontinue his appeal and that counsel was constitutionally ineffective for doing so.  On December 2, 2005, the PCRA court granted the petition and reinstated petitioner's appellate rights.

On October 17, 2005, petitioner filed his first petition for a writ of habeas corpus before the PCRA court ruled (C.A. No. 05-5413).  Although he admitted that he did not exhaust his state court remedies, as required by 28 U.S.C. § 2254(b)(1)(A), he requested that this requirement be excused because of the dilatoriness of the PCRA court in deciding his PCRA petition.  The District Attorney for Philadelphia County responded to the petition and argued that because the state court had recently granted petitioner the relief he requested – restoration of his direct appeal rights – this court should dismiss the petition so as to give the state appellate court the opportunity to first review petitioner's claims for relief.

In a December 15, 2005 Report and Recommendation, the undersigned recommended that petitioner's first petition be dismissed as unexhausted.  On January 12, 2006, the Honorable Edmund V. Ludwig approved and adopted the Report and Recommendation and dismissed the petition.

On June 23, 2006, petitioner filed this second petition for a writ of habeas corpus. (Doc. No. 1.)  In his second petition, plaintiff does not raise a specific claim for relief, but merely requests that the exhaustion requirement be excused because of the alleged delay in the state PCRA proceedings.  Respondents argue that petitioner's claims remain unexhausted and as such, the second petition should be dismissed without prejudice. (Response to Pet. at 2-5.)

## II.     DISCUSSION

It is well established that a prisoner must present all of his claims to a state's intermediate court, as well as to its supreme court, before a district court may entertain a federal petition for habeas corpus.  28 U.S.C.A. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 847 (1999); Evans v. Court of Common Pleas, Del. County, Pa., 959 F.2d 1227, 1230 (3d Cir. 1992).  "The exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights."  Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir.), cert. denied, 504 U.S. 944 (1992).  "The exhaustion rule also serves the secondary purpose of facilitating the creation of a complete factual record to aid the federal courts in their review."  Walker v. Vaughn, 53 F.3d 609, 614 (3d Cir. 1995).

In his current petition for a writ of habeas corpus, petitioner did not raise any claims for relief.[1]  Nonetheless, petitioner argues that the exhaustion requirement should be excused because of the delay in processing his PCRA petition.  (Petitioner's Mot. for Traverse, at 1-2).  In rare instances, federal courts have dispensed with the exhaustion requirement because of inordinate delay on the part of the state.  See Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004)

---

[1] In his first petition, petitioner's claims for relief included: "The right to a Suppression Hearing; Ineffective Assistance of Trial Counsel; Prosecutorial Misconduct; Jury Instruction; Violation of Sentencing Guidelines; Violation of Pa. R. Crim. P. Rule (581), (801), (600); Speedy Trial Rights; Brady Violations."  See Petitioner's Mem. of Law Supp. Pet. at 2, filed in C.A. 05-5413.  Petitioner also appeared to argue that the state court system denied him due process by delaying the resolution of his PCRA action.  Id. at 3.  However, this last claim is not cognizable in a federal habeas proceeding.  It is well established that there is no federal due process right to a speedy state collateral proceeding after a direct appeal.  Mason v. Meyers, 208 F.3d 414, 417 (3d Cir. 2000); Proudfoot v. Vaughn, 1997 WL 381590, at *5 (E.D. Pa. July 2, 1998).

(delay of eight years to decide PCRA petition); Story v. Kindt, 26 F.3d 402, 405-06 (3d Cir.), cert. denied, 513 U.S. 1024 (1994) (delay of nine years to decide PCRA petition). "There is no single, comprehensive test for inordinate delay." Hankins v. Fulcomer, 941 F.2d 246, 250 (3d Cir. 1991). Instead, this court must decide, under the circumstances of each case, whether the delay rendered the state remedy ineffective to protect the rights of the petitioner. 28 U.S.C. § 2254(b)(1)(B)(ii); Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir. 1986).

Even when there has been excessive delay, the Third Circuit Court of Appeals has ruled that it is inappropriate to grant federal review when the case is "proceeding normally" in the state courts. Burkett v. Cunningham, 826 F.2d 1208, 1218 (3d Cir. 1987). Specifically, when a case has been dormant for an inordinate period of time but has resumed normal movement in the state system, it is appropriate to enforce the exhaustion requirement "to allow [the state court], in the first instance, to hear petitioner's claims." Id. See also Walker, 53 F.3d at 615 (federal court should "stay its hand" if, before it has embarked on proceedings of substance, there is reliable evidence that the state action has been reactivated).

Judge Ludwig had already found that the delay in the PCRA proceedings was not inordinate. Since Judge Ludwig dismissed the first petition for habeas corpus relief on January 12, 2006, petitioner appealed to the Pennsylvania Superior Court. See Docket No. 380 EDA 2006. The appeal has been proceeding normally. The notice of appeal was filed on February 10, 2006. On July 5, 2006, the trial court record was received. On August 25, 2006, appellate counsel for petitioner filed her brief in the Superior Court. On November 3, 2006, the Commonwealth filed its brief. On this date, the appeal was submitted to a panel of the court. Thus, there has been no inordinate delay in the appellate process. Since this case is now

4

"proceeding normally" in the state courts, it would be inappropriate for this court to excuse the exhaustion requirement.  See Walker, 53 F.3d at 615.  See also Wallace v. Dragovich, 143 Fed. Appx. 413, 418 (3d Cir. 2005) (not precedential) (while finding delay in state post-trial proceedings inordinate, court refused to excuse exhaustion requirement because "previously-stalled state proceedings have resumed").

Accordingly, the court makes the following:

### R E C O M M E N D A T I O N

AND NOW, this 8th day of November, 2006, it is respectfully recommended that the petition for a writ of habeas corpus be DISMISSED without prejudice for failure to exhaust state court remedies and that no certificate of appealability be granted.

BY THE COURT:


/s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge